UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BOU NOU,

        Petitioner,

Case No. 1:05-CV-496

v.

Hon. Richard Alan Enslen

CINDY CURTIN,

**FINAL ORDER**

        Respondent.
_____/

Petitioner Bou Nou has objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 31, 2005, which recommended that this Court summarily dismiss his Petition for Writ of Habeas Corpus as untimely pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court reviews the Objections, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636.

Upon such review, the Court determines that the Report should be adopted and the Objections denied. Petitioner forthrightly admits that his Petition was filed too late and he has defaulted his claims. (Objs. 2.) Petitioner seeks to excuse his default and delay on two grounds: (1) he is a Cambodian national who should benefit from equitable tolling; and (2) there has been a "miscarriage of justice" because he is "actually innocent."

To benefit from equitable tolling, a petitioner must show that: (1) he was diligently pursuing his rights; and (2) some extraordinary circumstances stood in the way of his timely compliance. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (U.S. Apr. 27, 2005); *see also Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). While Petitioner's nationality no doubt interfered with his

prosecution of a habeas petition, this Court cannot say that Petitioner was diligent when his Petition was filed more than eight years after his one-year limitation period expired. He has not made a sufficient showing warranting equitable tolling given the length of the delay.

As to "actual innocence," the Sixth Circuit Court of Appeals recently held in *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005) that "actual innocence" may provide an exception to the one-year limitations period under certain conditions in non-death penalty cases. To establish a "gateway actual innocence claim," the petitioner must demonstrate that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* Employing this standard, Petitioner has not made such a showing. The evidence described in his Petition included eyewitness testimony which identified him as the person who stabbed the victim, making him guilty of assault with intent to murder. While it is true that the stabbing occurred in the context of a gang fight in which several people were involved and which included some eyewitness testimony that did not tend to incriminate Petitioner, he has not made the gateway showing required by *Souter* because it was reasonable for jurors to believe beyond a reasonable doubt the testimony that tended to incriminate him. Further, in *Souter*, the exception was warranted because of the presentation of "new evidence." In this case, the evidence described by Petitioner appears to have been known by him since the time of his trial. As such, Petitioner is not entitled to an extension of the limitation period premised on actual innocence.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529

U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Upon review of the issues raised, the Court determines that this standard is not met as to any of the six grounds for relief asserted in the Petition for Writ of Habeas Corpus because of the strong procedural reason (statute of limitations) for denying relief and because of the lengthy delay in the filing of the Petition.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Bou Nou's Objections (Dkt. No. 4) are **DENIED**, the Report and Recommendation (Dkt. No. 3) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all six grounds asserted.

DATED in Kalamazoo, MI:  
    September 23, 2005

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE